UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MARY GONZALEZ, individually and on behalf of all others similarly situated,<br><br>   *Plaintiff*,<br><br>*v.*<br><br>HOMEFIX CUSTOM REMODELING CORP.,<br><br>   *Defendant.* | Case No. 1:23-cv-192<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mary Gonzalez ("Plaintiff") by her undersigned counsel, for this class action complaint against Homefix Custom Remodeling Corp., and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Homefix" or "Defendant"), alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a

response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers," *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or injunctive relief. *Id.* . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the

remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.     Ms. Gonzalez alleges that HomeFix made unsolicited telemarketing calls to her and other individuals on the National Do Not Call Registry without their prior express written consent.

4.     Ms. Gonzalez further alleges that HomeFix violated the TCPA when it continued to make solicitation calls to individuals who asked to no longer receive such calls, like Ms. Gonzalez.

5.     Ms. Gonzalez also alleges that HomeFix's agent made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry, and that by doing so, HomeFix has violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA").

6.     Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.   PARTIES

7.     Plaintiff Mary Gonzalez is an individual residing in Virginia in this District.

8.      Defendant Homefix Custom Remodeling Corp. is a Maryland corporation with its principal place of business in Laurel, Maryland.

9.      Defendant engages in telemarketing into this District, as it did with Plaintiff.

### III.     JURISDICTION AND VENUE

10.     <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227.  This Court also has supplemental jurisdiction over the state law claims because they related to the same telemarketing conduct.

11.     <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Homefix because it sells services in Virginia, and this action arises from calls into Virginia to sell its services.

12.     <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### IV.     BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer

Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.      The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls**

14.      The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15.      The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

16.      Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

17.      These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

18.      Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list,

and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

19.     This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

20.     These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

21.     Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

**B.     The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

22.     The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

23.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

24.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

25.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**C.     The VTPPA also prohibits calls to numbers on the National Do Not Call Registry.**

26.     Virginia has also passed the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA") to protect its consumers from unwanted telemarketing.

27.     It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

## V.     FACTUAL ALLEGATIONS

28.     Homefix is a company that performs repairs and remodeling on residential homes. *See* https://homefixcustomremodeling.com/ (last visited January 26, 2023).

29.   To generate business and market its products and services, Homefix relies on telemarketing.

30.   Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

31.   Those telemarketing calls violate the TCPA when they are made to residential numbers belonging to consumers on the National Do Not Call Registry.

32.   According to a Press Release by the Maryland Attorney General dated January 9, 2015, Homefix Corporation (as Homefix was previously known)[1] and its owner, Tope Lala, entered into a settlement to resolve allegations that Homefix placed telemarketing calls to consumers who asked to not be called on their home telephones or whose numbers were on the National Do Not Call Registry.

33.   Allegedly, Homefix failed to take adequate steps to prevent calls to consumers who had registered their phone numbers on the National Do Not Call Registry or who, after being contacted by Homefix, asked the company not to call them again. As a result, hundreds of consumers complained about receiving unwanted sales calls from Homefix. Some consumers reported that Homefix continued to call them, even after repeatedly being asked to stop.

---

[1] On January 15, 2015, Homefix Corporation changed its name to Homefix Custom Remodeling Corp.

34.     The Maryland Attorney General's settlement prohibited Homefix from calling consumers who are listed on the National Do Not Call Registry or those who ask the company to not be called. It also required Homefix to improve its internal safeguards to prevent placing unwanted telemarketing calls, which included updating its technology and providing training for its employees. Homefix also agreed to pay $12,500 in penalties and costs.

35.     Homefix's calls to Plaintiff and class members are thus negligent, willful, or knowing, as Homefix has been cited for these same violations before.

## A.     Calls to Plaintiff Gonzalez

36.     Plaintiff Gonzalez's telephone number, (757)-XXX-6139, is registered on the National Do Not Call Registry and has been continuously since November 12, 2005.

37.     Ms. Gonzalez's telephone number is used for personal and household purposes.

38.     Ms. Gonzalez's telephone number is not associated with a business.

39.     In early 2020, Ms. Gonzalez received a door-to-door solicitation regarding home improvement services.

40.     The company that came to Ms. Gonzalez's door was *not* the Defendant.

41.     Ms. Gonzalez received a quote and rejected it because she did not think it was a reasonable offer.

42.     Since that time, Ms. Gonzalez has not sought out any quotes or other information regarding any home improvement projects.

43.     Despite that, Ms. Gonzalez began to receive scripted telemarketing calls from Defendant in approximately February of 2022.

44.     The scripted telemarketing calls promoted Defendant's home improvement services.

45.     Defendant wanted Ms. Gonzalez to get a quote for improvements that could be made to her home.

46.     Ms. Gonzalez made repeated requests to no longer receive these calls.

47.     Yet, the calls continued.

48.     After making numerous demands for Defendant to stop calling, Ms. Gonzalez's daughter posted a Google review at Ms. Gonzalez's request after receiving another scripted telemarketing call.

49.     This review is below:

NATURE OF DISPUTE: **This company has spam solicited my mom's phone from multiple numbers. She has repeatedly made it clear to stop but they call again from a different local phone number.  Now reporting this company with the FTC because the unsolicited spam phone calls are both obnoxious and illegal. Stop spam calling people when they've repeatedly told you to stop.**

50.     However, this did not cause the calls to stop either.

51.     Subsequent to posting the Google review, Ms. Gonzalez received another scripted telemarketing call from Defendant.

52.     On April 18, 2022, Ms. Gonzalez had her daughter write to Defendant making another demand that the calls stop.

53.     That email is below:



54.     However, the email also did not stop the calls from coming.

55.     Ms. Gonzalez then retained counsel and, on December 5, 2022, her counsel sent Defendant a request to stop calling Ms. Gonzalez and notice of a potential lawsuit.

CLASS ACTION COMPLAINT
-11-

56.     Remarkably, Ms. Gonzalez received *another* call on December 13, 2022, after this letter.

57.     The scripted telemarketing call was like the others, where the Defendant was seeking to provide a quote to sell its services.

58.     Ms. Gonzalez did not provide her prior express written consent to Defendant to receive the calls.

59.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls.  The calls occupied their cellular telephone lines, rendering them unavailable for legitimate communication.

## VI.    CLASS ACTION ALLEGATIONS

60.     <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of three Classes (the "Classes") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) who had previously asked for the calls to stop or had not had a business transaction with the Defendant for at least 18 months or who had not inquired about Defendant's services within the 3 months preceding the call (5) at any

time in the period that begins four years before the date of filing this Complaint to trial.

**Internal DNC Class**: All persons in the United States to whom: (a) Defendant (or an agent acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) at any time in the period that begins four years before the date of filing this Complaint to trial.

**VTPPA Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call from HomeFix and/or a third party acting on HomeFix's behalf regarding goods or services, (2) to a number on the National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.

61.     Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

62.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

63.     The potential members of the Classes number at least in the thousands.

64.     Individual joinder of these persons is impracticable.

65.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

66.     Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

67.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

68.     This class action complaint seeks injunctive relief and money damages.

69.     There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a.      whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry;

b.      whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

c.      whether Defendant's calls to Plaintiff and members of the National Do Not Call Registry Class constitute a violation of the TCPA;

d.      whether Defendant honored requests to not longer be contacted; and

e.      whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

70.    Plaintiff's claims are typical of the claims of the Classes.

71.    Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

72.    Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

73.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

74.     A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

75.     Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

76.    Plaintiff repeats her prior allegations of this Complaint and incorporates them by reference herein.

77.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

78.    Defendant's violations were negligent, willful, or knowing.

79.    As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

80.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf

from making telemarketing calls to telephone numbers registered on the National

Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Internal DNC Class)**

81.     Plaintiff repeats the prior allegations of this Complaint and

incorporates them by reference herein.

82.     Defendant placed numerous calls for telemarketing purposes to

Plaintiff and Internal DNC Class members' telephone numbers.

83.     Defendant did so despite not recording or honoring "do not call"

requests.

84.     Defendant placed two or more telephone calls to Plaintiff and Internal

DNC Class members in a 12-month period.

85.     Plaintiff and Internal DNC Class members are entitled to an award of

up to $500 in statutory damages per telephone call pursuant to 47 U.S.C.

§ 227(c)(5).

86.     Plaintiff and Internal DNC Class members are entitled to an award of

treble damages in an amount up to $1,500 per telephone call, pursuant to 47 U.S.C.

§ 227(c)(5).

87.     Plaintiff and members of the Internal DNC Class are also entitled to

and do seek injunctive relief requiring Defendant to enact a written policy

pertaining to "do not call" requests, train its personnel on the existence and use of the internal "do not call list," and record and honor "do not call" requests.

### THIRD CLAIM FOR RELIEF
**Violation of the Virginia Telephone Privacy Protection Act,
Va. Stat. § 59.1-514
On Behalf of Plaintiff and the VTPPA Class**

88.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

89.     Plaintiff brings this claim individually and on behalf of VTPPA Class members against Defendant.

90.     It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

91.     A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

92.     Defendant failed to secure prior express written consent from Plaintiff and Class members.

93.     In violation of the VTPPA, Defendant's agent made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and VTPPA Class members

without Plaintiff's and VTPPA Class members' prior express written consent even though VTPPA Class members were on the National Do Not Call Registry.

94.     As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and VTPPA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and VTPPA Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.     Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B.     That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the TCPA and VTPPA; and

C.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.     Such other relief as the Court deems just and proper.

## VII.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


Dated: February 9, 2023

*/s/ William P. Robinson III*

William P. Robinson III, Bar No. 76098
319 N. Piedmont Street, Suite 1
Arlington, VA. 22203
info@robinsonslaw.com
*Counsel for Plaintiff and the*
*putative Classes*

Anthony Paronich (pro hac vice
forthcoming)
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100
anthony@paronichlaw.com
