UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MARY GONZALEZ, individually and on behalf of all others similarly situated,

*Plaintiff*,

v.

HOMEFIX CUSTOM REMODELING CORP.,

*Defendant.*

Case No. 23-cv-192-TSE-JFA

**PLAINTIFF RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER**

The Court should deny Homefix Custom Remodeling Corp.'s motion to transfer, a motion on which a defendant "carries a particularly heavy burden,"[1] a burden Homefix fails to meet. The first to file rule does not apply because Homefix has not established that this case overlaps with another lawsuit targeting Homefix's TCPA misconduct—the *Dribben* action. In this case, Plaintiff asserts three different claims, including two under the Telephone Consumer Protection Act (one under National Do Not Call Registry provision and one under the internal do not call provision) and a claim under the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA"). *See* Memo. (ECF 16) at 2-5

---

[1] *Andritz Hydro Corp. v. PPL Mont., LLC*, No. 3:13-cv-412-RJC-DSC, 2014 U.S. Dist. LEXIS 28134, at *15 (W.D.N.C. Mar. 5, 2014).

(comparing claims and classes). By contrast, the plaintiff in *Dribben* asserts only one claim under the TCPA's National Do Not Call Registry provision. *See id.* There is therefore no meaningful conceptual overlap between the claims and classes in the two actions and Homefix has submitted no evidence or showing about there being overlap in fact by, for example, submitting an affidavit with a data analysis of its calling activity that shows substantial overlap. In fact, even with the single common claim under the TCPA's National Do Not Call Registry provision, there is no evidence of any factual overlap at all such as that the calls were made by the same vendors or based on information from the same lead sources. *See id*.

Finally, even if Homefix were able to meet its "heavy burden" (it is not), the exception to the first filed rule would apply as the "balance of convenience" supports litigating this action in Virginia, as the lawsuit in part applies only to Virginia residents, and the Plaintiff should not be forced to litigate or try her case in Maryland.

## **BACKGROUND**

Ms. Gonzalez has filed a lawsuit alleging three telemarketing claims. She has alleged that HomeFix violated the TCPA by making unsolicited telemarketing calls to her and other individuals on the National Do Not Call Registry without their prior express written consent. *See* ECF No. 1 at ¶ 3. Ms. Gonzalez further

alleges that HomeFix violated the TCPA when it continued to make solicitation calls to individuals who asked to no longer receive such calls, like the Plaintiff. *Id.* at ¶ 4. Ms. Gonzalez also alleges that HomeFix's agent made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry, and that by doing so, HomeFix has violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq. Id.* at ¶ 5. The Plaintiff brings this case on behalf of these classes:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period, (4) who had previously asked for the calls to stop or had not had a business transaction with the Defendant for at least 18 months or who had not inquired about Defendant's services within the 3 months preceding the call (5) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Internal DNC Class**: All persons in the United States to whom: (a) Defendant (or an agent acting on behalf of Defendant) placed (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the call, (4) who had previously asked for the calls to stop and (5) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Virginia Telephone Privacy Protection Act Do Not Call Registry Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call from HomeFix and/or a third party acting on HomeFix's behalf regarding goods or services, (2) to a number on the

National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.

*Id.* at ¶ 60.

# ARGUMENT

Application of the first-filed rule is discretionary, not mandatory. *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-cv-371-RJC-DCK, 2011 U.S. Dist. LEXIS 92066, at *5 (W.D.N.C. Aug. 17, 2011). As the Fourth Circuit has stated, "this Circuit has no unyielding 'first-to-file' rule." *CACI Intern., Inc. v. Pentagen Technologies Int'l.,* 1995 U.S. App. LEXIS 32067, 1995 WL 679952, 6 (4th Cir. 1995) (unpublished).

In determining whether to apply the first-filed rule, courts have recognized three factors: 1) the chronology of the filings, 2) the similarity of the parties involved, and 3) the similarity of the issues at stake. *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-cv-371-RJC-DCK, 2011 U.S. Dist. LEXIS 92066, at *5-6 (W.D.N.C. Aug. 17, 2011).

A defendant moving for transfer of forum from a district in which venue is proper "carries a particularly heavy burden" to demonstrate the need for transfer. *Andritz Hydro Corp. v. PPL Mont., LLC*, No. 3:13-cv-412-RJC-DSC, 2014 U.S. Dist. LEXIS 28134, at *15 (W.D.N.C. Mar. 5, 2014). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for

transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Id.* quoting *Stewart Org., Inc. v, Ricoh Corp.,* 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988).

### A. The First-Filed Rule Does Not Apply as the Parties are Not the Same

The Court should not transfer this case to PLACE because the parties and the class they represent differ, meaning they do not "substantially overlap." The first-filed rule if "the same factual issues" provide the basis for each suit. *Allied-Gen. Nuclear Serv's v. Commonwealth Edison Co.,* 675 F.2d 610, 611 n. 1 (4th Cir.1982). In class actions, the relevant question is whether the proposed classes "substantially" overlap. *See Peterson v. Aaron's, Inc.*, 2015 WL 224750, at *2 (N.D. Ga. Jan. 15, 2015) ("[C]ourts routinely look to the similarities of the *proposed* classes . . .") (emphasis in original).[2] This Court applied that principle in *Gibbs v. Haynes Invs., LLC*, finding that a Virginia plaintiff representing a Virginia class in one case did not "overlap" with Vermont plaintiffs representing a nationwide class in another case. 368 F. Supp. 3d 901, 915 (E.D. Va. 2019), aff'd, 967 F.3d 332 (4th Cir. 2020). This was even though the Virginia plaintiffs fell within the Vermont case's class definition. *Id*. ("Although the proposed [Vermont

---

[2] The fact that Homefix is a named party in both actions is not dispositive to the analysis. *See, e.g.*, *Peter Brasseler Holdings, L.P. v. Gebr. Brasseler GmbH & Co. KG*, 2007 WL 1500296, at *3 (S.D. Ga. May 21, 2007) (noting that defendants were parties in both actions but declining to transfer case to first-filed forum).

Opposition to the Motion to Transfer
-5-

case's] class may ultimately include some of the named plaintiffs in this [Virginia] suit, the [Vermont] plaintiffs have not yet moved to certify the class. On this record, it would be premature to conclude that the plaintiffs in each suit would sufficiently overlap").

*Gibbs* is on point. Here, Plaintiff's proposed classes do not "substantially" overlap with the class in the *Dribben* action. The *Dribben* action proposes a similar class to only one of the classes proposed here. *Dribben* only alleges a class consisting of persons who were on the National Do Not Call Registry, while this case focuses on three different classes, including a state-specific class. Indeed, *Dribben* could never expand the class definition to include Plaintiff's claims precisely because *Dribben* does not have an Internal Do Not Call claim and is not a Virginia resident, which is required to represent the Virginia class. Thus, even if class certification is granted in the *Dribben* action, it would exclude an overwhelming number of individuals covered by the proposed classes. Where, as here, the first filed class would necessarily exclude members of the second-filed class, courts have found insufficient overlap between the parties. *See, e.g.*, *Brice v. Plain Green, LLC*, 372 F. Supp. 3d 955, 975 (N.D. Cal. 2019) (finding partial, but insufficient overlap between the putative classes).

The circumstances here are similar to those in *Martin v. Medicredit, Inc.*, No. 4:16CV01138 ERW, 2016 U.S. Dist. LEXIS 157690 (E.D. Mo. Nov. 15, 2016), in

which the court denied the defendant's motion under the first to file rule.  In *Martin*, a TCPA case, although "[t]he class descriptions [did] overlap in part as both involve[d] a nationwide class of individuals whose cell phones were called," there were "significant disparities in the definitions of the putative classes."  Specifically, the class in *Martin*, the second filed action, was narrower because it specifically identified the source of class members' numbers to the defendant and required a prior revocation of consent as a condition of class membership.  *Martin*, 2016 U.S. Dist. LEXIS 157690, at *13-14.  And mainly as a result of the dissimilarity of the parties "[c]oupled with the early stage of the [earlier filed] proceeding," the court found that the first to file doctrine did not apply. Here, there is no overlap as with the *Dribben* action for two of Plaintiff's claims and proposed classes. As to the one claim for which the class definitions are similar, the overlap is minimal.

### B. The Issues in the Litigations are not the Same

The issues here are dissimilar to those in *Dribben*.  Indeed, it is not even enough for cases to involve "similar" issues for them to satisfy the third factor, they must be "substantially" similar. *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006) ("mere similarity of claims is not sufficient to invoke the first-to-file rule"). Here, the method Homefix used to contact Plaintiff; the fact that there exists a claim for Virginia residents only; and the fact that Homefix continued to contact Plaintiff here in violation of the TCPA despite being

instructed not to, are all issues distinct from those in the *Dribben* action. HomeFix's motion fails to address (1) whether Homefix purchased the Plaintiff's telephone numbers in this case and the *Dribben* plaintiff's telephone from the same lead source, meaning that they would be subject to the same consent defense (or absence of a consent defense); (2) whether Plaintiff and Dribben were called by the same party on behalf of Homefix, meaning they would be subject to the same proof of liability/vicarious liability; and (3) whether the Plaintiff in both actions were called using the same calling equipment, meaning, among other things, that they would be part of the same calling records (that, as explained below, are the most critical piece of evidence in telemarketing class actions). This is critical, because this demonstrates that even though one of the three different claims Plaintiff assert here might overlap with a claim in *Dribben*, that overlap has not been established; it is merely hypothetical.

Indeed, the United States Judicial Panel on Multidistrict Litigation (JPML) frequently denies consolidation of TCPA actions due to insufficient overlap between the issues. *See In re Lifewatch, Inc., TCPA Litig.*, 140 F. Supp. 3d 1342 (J.P.M.L. 2015) (denying consolidation); *In re: Caribbean Cruise Line, Inc., TCPA Litig.*, 89 F. Supp. 3d 1356 (J.P.M.L. Feb. 6, 2015) ("[T]he cases are already being managed in an orderly and efficient manner, and the issues presented are not unusually complex."). Dealing with similar facts, the JPML has found that the

issues *did not overlap* when "two actions allege [Defendant] sent text messages, while two actions alleged [Defendant] made telephone calls using an autodialer . . . [and] one action alleges violations of the "Do-Not-Call" registry." *In re: Holiday Cruise Line TCPA Litig.*, 118 F. Supp. 3d 1377 (J.P.M. L. Aug. 7, 2015).

### C. The Balance of Convenience Favors Litigating this Matter in Virginia

If the Court decides to apply the first-filed rule, and then if the Court decides that all three factors are satisfied (which the Plaintiff submits they are not), the Court should still deny the motion after considering the "balance of convenience" of litigating the Plaintiff's claims in this forum. *US Airways, Inc. v. US Airline Pilots Ass'n*, No. 3:11-cv-371-RJC-DCK, 2011 U.S. Dist. LEXIS 92066, at *9 (W.D.N.C. Aug. 17, 2011). The factors the Court is to consider under this inquiry are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a). *Christian Broadcasting Network, Inc. v. Busch*, No. Civ. A. 2:05cv558, 2006 U.S. Dist. LEXIS 1868, 2006 WL 51190, at *5 (E.D. Va. Jan. 9, 2006).

Eleven general factors guide the Court's analysis of a motion to transfer venue: (1) the plaintiff's choice of forum; (2) the residence of the parties; (3) access to evidence; (4) the availability of compulsory process for witnesses and the costs of transporting and obtaining those witnesses; (5) the possibility of a view by the jury; (6) the enforceability of a judgment; (7) the relative advantages and obstacles

to a fair trial; (8) practical issues affecting trial expediency and efficiency; (9) the relative court congestion between the districts; (10) the interest of resolving localized controversies at home and the appropriateness of having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) the avoidance of conflict of laws. *Jim Crockett Promotions, Inc. v. Action Media Group, Inc.,* 751 F. Supp. 93, 96 (W.D.N.C. 1990)).

Here, those factors support keeping this case in Virginia. First, the Plaintiff's choice of forum should be given substantial weight. A Virginia resident has filed suit in Virginia and is working to represent, in part, a class of Virginia residents. *Chittick v. Freedom Mortg. Corp.,* Civil Action No. 1:18-cv-1034 (AJT/MSN), 2019 U.S. Dist. LEXIS 231365, at *7 (E.D. Va. May 17, 2019) ("Courts in this District have noted that when plaintiffs file suit in their home forum, convenience to parties rarely, if ever operates to justify transfer.") Such a decision should warrant deference. *See United Energy Distributors, Inc. v. Rankin-Patterson Oil Co., Inc.,* No. 7:07-3234-HMH, 2007 U.S. Dist. LEXIS 94588, 2007 WL 4568997, at *2 (DSC Dec 20, 2007) (evaluating the second-to-file Plaintiff's choice of forum in denying Defendant's motion to transfer venue). Accordingly, this factor favors this venue. *See Collins v. Straight, Inc.,* 748 F.2d 916, 921 (4th Cir. 1984) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947) 508, 67 S. Ct. 839, 91 L. Ed. 1055) ("[T]he plaintiff's choice of forum should rarely be disturbed.").

If the Plaintiff's choice of forum is discarded, the Plaintiff may have to travel to Maryland to be deposed, attend hearings and trial. For the same reason, residence of parties, access to evidence and availability of witnesses and practical issues affecting a trial also supports the forum here. The Plaintiff is an individual litigating a consumer claim and Homefix is a national company that has business in multiple regions. Moreover, the convenience of witnesses who are employed by the parties will not substantively factor into the Court's determination because their participation will be obtained as a part of their employment. *See Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 719 (E.D. Va. 2005) ("When the 'appearance of witnesses can be secured regardless of the forum's location through court order or persuasion by an employer who is a party to the action, this factor becomes less important.'"). As a result, the Plaintiff should not have to travel to Maryland to participate in her consumer class action that includes a claim exclusive to Virginia residents. This is a case about automated telemarketing, and so all of the evidence should be in electronic form and producible anywhere.[3]

Court congestion also favors keeping this matter here. Courts look to statistics examining how long it generally takes a case to advance from complaint to disposition. *See, e.g.*, *Cree, Inc. v. Watchfire Signs, LLC*, No. 1:20CV198, 2020

---

[3] The enforceability of a judgment and the advantages of a fair trial and view by the jury are all neutral, as they should be the same for all parties in either district.

Opposition to the Motion to Transfer
-11-

U.S. Dist. LEXIS 223801, at *19 (M.D.N.C. Dec. 1, 2020). The faster the district brings cases to resolution, "the more appropriate the transfer of venue, as all parties benefit from a speedy resolution of disputes." *Davis v. Stadion Money Mgmt., LLC*, No. 1:19CV119, 2019 U.S. Dist. LEXIS 218959, 2019 WL 7037426, at *4 (M.D.N.C. Dec. 20, 2019) (citing *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984)). Courts in the Eastern District of Virginia had less cases in 2022 than in Maryland (2,987 in Maryland to 2,095 in the Eastern District of Virginia). *See* https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2022/12/31 (Last Visited on March 23, 2023). Furthermore, cases in the Eastern District of Virginia resolve quicker than their counterparts in Maryland, with the average case in the Eastern District of Virginia resolving in 6.9 months with those in Maryland taking 8.7 months. *Id.*

The ninth factor—the local interest in having localized controversies settled at home—reflects the judgment of the federal courts that "litigation should take place in the federal judicial district or division with the closest relationship to the operative events." *Cree, Inc. v. Watchfire Signs, LLC*, No. 1:20CV198, 2020 U.S. Dist. LEXIS 223801, at *20 (M.D.N.C. Dec. 1, 2020). Here, one of the Plaintiff's claims relates to the interpretation and enforcement of a Virginia telemarketing law on Virginia residents, and it is hard to imagine a stronger local interest. *Id.* ("North Carolina does have an interest and relationship to the operative events as Plaintiff

alleges that the dispute involves communications and actions that took place in this District.") *Id.*

## CONCLUSION

Consolidation will therefore not promote efficiency for the Court or the parties and the Court should therefore deny Homefix's motion to consolidate.

Dated: March 27, 2023

PLAINTIFF,
By her attorney

_____
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

On March 27, 2023, I electronically served the foregoing document on counsel of record for the Defendant.